### In re VAN AIR FLYING SERVICE, INC.

**Bankruptcy No. 92–50274 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 23, 1992.

Jack Sims, Little Rock, Ark., for debtor.

Rosalind Mouser, Pine Bluff, Ark., for Simmons First Nat. Bank.

Ralph Waddell, Jonesboro, Ark., for Farm Credit Services of Central Arkansas.

David Coop, North Little Rock, Ark., for A.L. Tenney, Chapter 12 Trustee.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

The matter before the Court is a Motion to Dismiss this Chapter 12 case filed by Simmons First National Bank ("Simmons").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this matter is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(A) and (O).

Simmons seeks dismissal of this Chapter 12 case asserting among other things that the debtor does not qualify for relief under Chapter 12 of the Bankruptcy Code because it is not involved in a farming operation. The debtor describes its activities as "caring" for the crops of others and argues that it qualifies for Chapter 12 relief because it is engaged in the production of crops.

### FINDINGS OF FACT

1. The debtor filed this Chapter 12 bankruptcy proceeding on or about May 22, 1992.

2. The debtor is a closely held corporation owned by two brothers. Albert Vangilder is president and William Vangilder is secretary. Both own fifty percent (50%) of the corporation.

3. The debtor's sole business and source of income is aerial crop dusting for approximately twenty (20) farms owned by others. The business sows seed by air and also applies fertilizer, herbicides, insecticides, fungicides as well as defoliants as the crop year progresses.

4. The debtor's sole, primary asset is one (1) Ayres Turbine Thrush Aircraft ("the Aircraft"). The debtor owns no land and has no interest in any of the crops grown by the farms it considers its customers.

5. The debtor does not have inventory. The customer farmers of the debtor purchase the seed and chemicals, and decide where seed will be sown as well as which chemicals will be applied. The debtor does decide rate of application, and claims its skill is knowledge of chemicals. The debtor's risks according to testimony of its principals are that it might not be able to fly due to weather and crop price fluctuations; if prices are down the farmers are "reluctant to use their services" (testimony of Albert Vangilder).

6. The debtor's sole secured creditors are Farm Credit Services of Central Arkansas, PCA ("Farm Credit") and Simmons. Both secured creditors possess a lien on the aircraft. Farm Credit possesses a first lien in the approximate amount of $163,000.00 plus interest, attorney's fees and costs. Simmons possesses a second lien.

7. The debtor has no unsecured, non-priority creditors other than a vaguely described leasehold claim.

8. The debtor's unsecured, priority creditors are state and federal taxing authorities who are owed approximately $24,300.00.

9. William Vangilder devotes full time to the debtor's business. Albert Vangilder and three or four others including two pilots are described as part-time or seasonal employees.

10. The Vangilder brothers have or have had since 1991 an interest in numerous partnerships and corporations engaged in various farming operations. The debtor corporation has no interest or involvement in these entities.

## DISCUSSION

■ Relief under Chapter 12 of the Bankruptcy Code, 11 U.S.C. §§ 1201–1231, is restricted to "family farmers with regular annual income." 11 U.S.C. § 109(f). A corporation can qualify under this chapter if it meets certain criteria; among other things more than fifty percent (50%) of the outstanding stock or equity must be held by one family and this family must conduct the farming operation. 11 U.S.C. § 101(18)(B). The Code also defines "farming operation" as including "farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry or livestock, and production of poultry or livestock products in an unmanufactured state." 11 U.S.C. § 101(21). Since the debtor corporation is entirely owned by the two brothers, the only issue before the Court is whether this debtor corporation is conducting a farming operation.

Debtor concedes it is not a farmer in the traditional sense but relies on language in 11 U.S.C. § 101(21) asserting that its activities amount to "production or raising of crops." The Vangilder brothers both testified that the corporate activities involve aerial application of seed and various chemicals including fertilizers, insecticides, fungicides and finally defoliants applied at the end of the growing and harvesting season. They describe these activities as "caring" for crops, albeit belonging to others, from beginning to end of the crop cycle or production. The debtor concedes that it must be hired by farmers, that it receives all seed and/or chemicals from the customers and that all decisions with regard to type of crop to be planted and/or number of acres to be planted or sprayed, comes from the customer. Debtor's only decision with regard to application of the seed and/or chemicals is the rate to be applied.

The Court concludes that these activities do not rise to the level of a farming operation for purposes of Chapter 12 relief. The debtor indeed conducts a business that provides a valuable and necessary service to

its farmer customers, but that does not equate to conducting a farming operation.

■ Many courts have considered various activities by individuals and/or corporations which are not those of the "traditional" farmer to qualify for Chapter 12 relief. This inquiry is essentially one of fact. It is clear Congress intended, by its language in section 101(21), to include those performing activities outside the traditional functions, but not all. A review of the cases is helpful.

In *In re Edwards*, 924 F.2d 798 (8th Cir.1991), the debtor landlord qualified for Chapter 12 relief because he also had an ownership interest in the crop production. In *In re Tim Wargo & Sons, Inc.*, 869 F.2d 1128 (8th Cir.1989), a corporate landlord debtor did not qualify for Chapter 12 relief because the farming operation was conducted solely by a tenant farmer. In *In re McNeal*, 848 F.2d 170 (11th Cir.1988), the debtor's operation of a chicken coop cleaning service and sale of manure for fertilizer did not constitute a "farming operation." In *In re Voelker*, 123 B.R. 749 (Bankr. E.D.Mich.1990), the debtor with minor ownership interest qualified for Chapter 12 relief because he and his son jointly managed all phases of the farming operation. In *In re Easton*, 118 B.R. 676 (Bankr.N.D.Iowa 1990), the debtor, although lessor, qualified for Chapter 12 relief because he assisted his grandson who was the tenant farmer with "raising the pigs, feeding the sows, feeding baby pigs, power washing the hog house ... field work ... cultivat[ing] corn and soybeans, ..." The court found debtor's activities qualified him for Chapter 12 relief because they were "designed in part to help [his grandson] make his operation successful" so the grandson could make payments to the bank. In *In re Blackwelder Harvesting Co., Inc.*, 106 B.R. 301 (Bankr.M.D.Fla.1989), the debtor corporation, which performed citrus harvesting services for citrus growers, was found not to be "family farmer" eligible for Chapter 12 relief. Debtor was not faced with risks of farming but only indirectly impacted by adverse experiences of its farming customers. In *In re Dakota Lay'd Eggs*, 57 B.R.

648 (Bankr.D.N.D.1986), the court held that a determination must be made by the character of the debtor's business and whether its income is derived from its own farming operation or production efforts as opposed to the farming or production efforts of others. Neither the parties nor the Court could find other than one case dealing with a debtor engaged in crop dusting or activities similar to this case. The court in *In re Richardson*, 113 B.R. 28, 29 (Bankr.D.Colo. 1990) found pertinently:

> "Such farming operation" refers directly to the previous part of the statute to mean "a farming operation owned or operated" by the Debtor. The Debtor neither owns nor operates the farms where he contracts his spraying services. The evidence was clear that, other than the ordinary business risks of any creditor, the Debtor assumes none of the ordinary "farming" risks. The evidence was that the Debtor does not take a percentage of the crops sprayed as his compensation, but rather charges a specific amount for his services. He stands in the same position to his spraying clients as does the merchant who sells the farmer seed and fertilizer, or the banker who loans the farmer money to operate. Neither the merchant nor the banker would be considered to derive their income from "a farming operation."

## CONCLUSION

■ Like the debtor in the *Richardson* case, Van Air Flying Service, Inc., is paid by farmers for services. It takes no direct farming risk but, by its own description, its business is merely impacted adversely by the problems facing its farmer customers. The party filing a Chapter 12 petition bears the burden of proving eligibility. *In re Tim Wargo & Sons, Inc.*, 869 F.2d 1128, 1130 (8th Cir.1989). That burden has not been met.

Accordingly, it is hereby

ORDERED that debtor is ineligible for relief under Chapter 12 and shall have ten (10) days within which to convert this case to another chapter or dismiss the case,

failing which the case will be dismissed with no further notice or hearing.

IT IS SO ORDERED.